No. 20,854.

THE ASH GROVE LIME AND PORTLAND CEMENT COMPANY, *Appellant*, V. THE CHANUTE BRICK AND TILE COMPANY, *Appellee*.

SYLLABUS · BY THE COURT.

1. MINERAL LEASE—*Expiration—Extension on Condition—Evidence of Extension.* Where a mineral lease, by its terms, expires within a definite period unless oil or gas is discovered, in which event it is to be extended so long as either can be produced in paying quantities, the fact that after the expiration of the period named the lessor executed a deed purporting to be subject to the lease, and the lease itself was assigned, constitutes no evidence, in an action for rent, of the extension of the life of the lease.

2. SAME—*Still of Record—Evidence of Extension of Lease.* The fact that such a lease has not been released of record is no evidence of its being still in force, the matter not being affected by the statute requiring the lessee to discharge an oil and gas lease that has become forfeited.

3. SAME—*Possession of Lease—Evidence.* The execution of an ordinary oil and gas lease creates no presumption of subsequent possession by the lessee.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed May 12, 1917. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellant.

*John J. Jones,* and *James A. Allen,* both of Chanute, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Ash Grove Lime & Portland Cement Company, the owners of a tract of land containing 30.44 acres which had been conveyed to it by a deed reciting the existence of an oil and gas lease covering an eighty-acre tract of which this formed a part, brought an action against the Chanute Brick & Tile Company as the assignee of such lease, to recover the rent for nine years. A demurrer to the plaintiff's evidence was sustained, and it appeals.

The lease was executed on November 26, 1902, to W. E. Barker. On November 23, 1903, Barker assigned it to H. M.

McIntosh. On November 30, 1906, McIntosh executed an assignment of the lease to William S. Cochrane, Trustee, who on July 5, 1907, executed an assignment thereof to the defendant. No evidence was introduced excepting the deed to the plaintiff, the lease, and the various assignments referred to. The ruling sustaining the demurrer was based upon the proposition that prior to the purchase of the land by the plaintiff the lease had expired by its own terms, unless it had been extended by the discovery of oil and gas, and that no such discovery had been shown. So much of the lease as is material to the question presented reads as follows, the portions deemed of especial importance being italicized:

"The party of the first part, in consideration of One Dollar, the receipt whereof is hereby acknowledged, and the covenants hereinafter contained on the part of the said party of the second part, does hereby lease unto the party of the second part the exclusive right *for three years from date hereof* to enter upon, operate. for and procure oil and gas upon the following premises. . . . The party of the second part agrees to deliver to the party of the first part, one eighth of the oil realized from these premises, in tanks, at the wells, without cost, or pay the market price therefor in cash at the option of the first party. *If oil or gas be found on these premises, all rights, benefits and obligations, secured hereby, shall continue so long as either can be procured in paying quantities.* . . . Second party agrees to locate all wells so as to interfere as little as possible with the cultivated portion of the premises, and pay all damages by reason of its operations. . . . In case no well for oil or gas be drilled on said premises within three years of date hereof, all rights and obligations secured under this contract shall cease. . . . Provided, however, that the second party shall have the right at any time to terminate this lease by surrendering this lease and paying One Dollar consideration therefor, and shall thereafter be released from all obligations and liabilities under the same. . . . Rental of One Dollar per acre, payable in advance semi-annually, to continue until exceeded by royalty."

1. The obligation to pay rent was absolute for three years, but did not extend beyond that period unless oil or gas should be found, in which event it was to continue as long as either could be procured in paying quantities. The plaintiff contends that the recital in its own deed, making it subject to the lease, and the various assignments executed more than three years after the date of the lease, constitute some evidence that it was still in force—that they at least furnished a basis for a reasonable inference that oil and gas had been found in paying quantities. These documents might suggest that the parties sup-

posed that the lease still had, or might have, some vitality and value, but we do not regard them as having any substantial tendency to show the existence of the conditions necessary to extend its life beyond the three-year period.   It was incumbent upon the plaintiff to show affirmatively that oil or gas had been discovered, rather than upon the defendant to prove the negative.   In the absence of such a showing the court properly sustained the demurrer.

2.   The suggestion is made in the plaintiff's brief that if the lease was at an end the statute imposed upon the defendant the duty of releasing it upon the record.   (Gen. Stat. 1915, § 4992.)   The section cited relates to oil and gas leases that have "become forfeited."   That it is not intended to apply to a lease which has expired, but which might have been extended by certain conditions if they had arisen, seems apparent from the succeeding section, which provides that the record of an oil and gas lease shall impart notice of its continuance only for the definite period therein expressed, unless an affidavit is filed with the register of deeds showing the happening of the contingency effecting an extension.   (§ 4993.)   But in any event the failure to comply with the statute, while subjecting the lessee to a penalty, would not extend the duration of the lease.

3.   Cases are cited to the effect that a lessee must pay rent so long as he holds possession, although the lease by its terms may be at an end.   There was, however, no showing of possession on the part of the defendant, and the execution of a lease of this character creates no presumption of subsequent possession by the lessee.

The judgment is affirmed.